1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY G. GARCIA, | ) 1:05-CV-00039-OWW-SMS |
| | ) |
|              Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DISMISS ACTION FOR PLAINTIFF'S |
| | ) FAILURE TO PROSECUTE, FOLLOW THE |
|    v. | ) COURT'S ORDER, AND PAY THE |
| | ) $250.00 FILING FEE OR FILE A |
| FRESNO POLICE DEPARTMENT, et | ) COMPLETED APPLICATION TO PROCEED |
| al., | ) IN FORMA PAUPERIS |
|              Defendants. | ) |
| | ) |
| _____ | ) |

Plaintiff is a party proceeding pro se with a civil rights action. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Plaintiff's complaint was filed on January 10, 2005, at a time when Plaintiff was a state prisoner. On January 10, 2005, Plaintiff filed an application to proceed in forma pauperis. Plaintiff's application to proceed in forma pauperis was incomplete because the certificate portion of the application was blank and did not bear the signature of an authorized officer. Further, Plaintiff failed to submit a certified trust account statement covering the entire six-month period immediately preceding the filing of the complaint on January 10, 2005. See 28

1

1    U.S.C. § 1915(a)(2). On January 24, 2005, the Court granted

2    Plaintiff thirty days in which either to pay the filing fee or to

3    submit a completed application to proceed in forma pauperis. On

4    February 3, 2005, Plaintiff filed a motion to proceed in forma

5    pauperis which contained the needed certificate of an authorized

6    officer, dated January 28, 2005, indicating that Plaintiff's

7    average monthly balance and deposits were $20.00.

8        However, Plaintiff's new application still did not contain a

9    certified copy of his trust account statement covering the full

10   six-month period before the filing of the complaint. Therefore,

11   on March 22, 2005, Plaintiff was ordered to file a complete

12   application, including the certified trust account statement, or

13   pay the $250.00 filing fee; the order was served on March 22,

14   2205. On the same date, Plaintiff filed a change of address that

15   indicated that Plaintiff's new address was a non-custodial site.

16   The order served at Plaintiff's prison address was ultimately

17   returned on April 1, 2005, indicating that Plaintiff had been

18   paroled.

19       In view of the change in Plaintiff's custodial status, on

20   March 28, 2005, the Court ordered Plaintiff to file a completed

21   application to proceed in forma pauperis for a person not

22   incarcerated, or to pay the filing fee within thirty days of

23   service of the order. This order was served on Plaintiff at the

24   out-of-custody address reflected in the Court's docket on March

25   28, 2005. Over thirty days have passed since the issuance of this

26   order, but Plaintiff has neither paid the filing fee nor

27   submitted an application to proceed in forma pauperis. Further,

28   Plaintiff has not requested an extension of time.

1    Local Rule 11-110 provides that "...failure of counsel or of
2  a party to comply with these Local Rules or with any order of the
3  Court may be grounds for the imposition by the Court of any and
4  all sanctions...within the inherent power of the Court." District
5  courts have the inherent power to control their dockets and "in
6  the exercise of that power, they may impose sanctions including,
7  where appropriate...dismissal of a case." Thompson v. Housing
8  Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an
9  action, with prejudice, based on a party's failure to prosecute
10  an action, failure to obey a court order, or failure to comply
11  with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54
12  (9th Cir. 1995) (dismissal for noncompliance with local rule);
13  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
14  (dismissal for failure to comply with an order requiring
15  amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41
16  (9th Cir. 1988) (dismissal for failure to comply with local rule
17  requiring pro se plaintiffs to keep court apprised of address);
18  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
19  (dismissal for failure to comply with court order); Henderson v.
20  Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
21  failure to lack of prosecution and failure to comply with local
22  rules).

23    In determining whether to dismiss an action for lack of
24  prosecution, failure to obey a court order, or failure to comply
25  with local rules, the Court must consider several factors: (1)
26  the public's interest in expeditious resolution of litigation;
27  (2) the court's need to manage its docket; (3) the risk of
28  prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of
less drastic alternatives. <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>,
779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at
1260-61; <u>Ghazali</u>, 46 F.3d at 53.

In this case, the Court finds that the public's interest in
expeditiously resolving this litigation and the Court's interest
in managing the docket weigh in favor of dismissal, as the case
has been pending since January 2005. The third factor, risk of
prejudice to Defendants, also weighs in favor of dismissal
because a presumption of injury arises from the occurrence of
unreasonable delay in prosecuting an action. <u>Anderson v. Air
West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- the
public policy favoring disposition of cases on their merits -- is
greatly outweighed by the factors in favor of dismissal discussed
herein. Finally, a court's warning to a party that his failure to
obey the court's order will result in dismissal satisfies the
"consideration of alternatives" requirement. <u>Ferdik v. Bonzelet</u>,
963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at
1424. The Court's order requiring Plaintiff to pay the filing fee
expressly stated that a failure of Plaintiff to comply with the
order would result in a recommendation that the action be
dismissed. Thus, Plaintiff received adequate warning that
dismissal would result from his noncompliance with the Court's
order.

Accordingly, the Court HEREBY RECOMMENDS that this action be
DISMISSED, without prejudice, pursuant to Local Rule 11-110 for
Plaintiff's failure to comply with the Court's order.

These findings and recommendations are submitted to the

4

United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 16, 2005**                           /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE